People v Conyers (2004 NY Slip Op 24166)

People v Conyers

2004 NY Slip Op 24166 [4 Misc 3d 346]

May 10, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Friday, November 26, 2004

[*1]
The People of the State of New York, Plaintiff,
v
Gerald Conyers, Defendant.
Supreme Court, Queens County, May 10, 2004

APPEARANCES OF COUNSEL

Ronald Nir, Kew Gardens, for defendant. Richard A. Brown, District Attorney, Kew Gardens (Marnie Lobel of counsel), for plaintiff.

{**4 Misc 3d at 346} OPINION OF THE COURT

Joseph Rosenzweig, J.
{**4 Misc 3d at 347}The defendant was indicted hereunder for assault in the second degree and criminal possession of a weapon in the third degree for an incident which occurred on March 30, 2003, in front of the premises located at 115th Drive, Queens County. On March 10, 2004, after completion of a jury trial before this court, the defendant was found guilty of each count of the indictment.
Prior to sentence, defense counsel moved for an order of this court setting aside that jury's verdict pursuant to CPL 330.30 (1), upon the grounds that an issue arose during trial which, if raised on appeal, would result in a reversal of his conviction as a matter of law by an appellate court. Specifically, defense contends that two 911 calls introduced into evidence on the People's case-in-chief violated the defendant's rights under the Sixth Amendment Confrontation Clause of the Federal Constitution pursuant to Crawford v Washington (541 US 36 [2004]). By response dated April 26, 2004, the People oppose this application in its entirety.

Procedural History

Jury selection took place before this court on March 1 and March 2, 2004. On March 3, 2004, prior to openings, the People requested, inter alia, a preliminarily ruling by this court permitting them to introduce into evidence on their case-in-chief two 911 communications made within minutes of each other by a third-party witness, Andrea Conyers. In the first 911 call, Andrea Conyers screams for police assistance to stop a street fight she is witnessing between her son and her son-in-law; in the second 911 call, minutes later, she screams for an ambulance. In addition to hearing Andrea Conyers' screams for help on these 911 calls, there are other audible background voices recognizable[FN1] 

as those of her son-in-law, the complainant Juan Harrow, and her son, the defendant, who is heard shouting, "I'm going to murder you, Mother Fucker."
The theory by which the People sought introduction of these two 911 calls was that they [*2]were excited utterances and/or present sense impressions, both exceptions to the hearsay rule. Defense counsel argued that these calls were not excited utterances and/or present sense impressions if Andrea Conyers was not called to testify at trial and that "there is an inability based on the Sixth Amendment and the Fourteenth Amendment to the {**4 Misc 3d at 348}United States and state constitutions for the defendant to cross-examine the alleged maker, if she is not called in this case."[FN2] 

The court granted the People's application and held that the 911 calls qualified as excited utterances, and, if corroborative evidence was adduced at trial, the 911 calls would also qualify as present sense impressions.[FN3] 

Thereafter, on the People's case-in-chief, the 911 tapes were played to the jury during the testimony of the complainant, Juan Harrow, whose own voice could be heard in the background. The People did not call Andrea Conyers to testify at trial.
On March 10, 2004, during jury deliberations, defense counsel moved for a mistrial upon the grounds that two days earlier, on March 8, 2004, the Supreme Court of the United States held in Crawford v Washington that "excited utterances from 911 calls are inappropriate to go before jurors because it lacks one thing that the constitution guarantees and that is confrontation."[FN4] 

After this court and the People had an opportunity to read the Crawford decision, this court entertained oral argument and subsequently denied defense counsel's motion for a mistrial. Later that day, the jury reached a verdict convicting the defendant.

Conclusion of Law

Preliminarily, Criminal Procedure Law § 330.30 provides that, at anytime after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court (CPL 330.30 [1]). Thus, claims brought pursuant to CPL 330.30 must be claims which were properly preserved on the record during trial (see, CPL 470.05 [2]).
In support of this argument, defense in his motion papers argues that inasmuch as Andrea Conyers did not testify at trial and was not subject to cross-examination, the defendant's state and federal constitutional rights to confrontation were violated pursuant to Crawford v Washington since those 911 calls contained "testimonial" statements. The People in their responding papers argue that the "testimonial" aspect of the 911 {**4 Misc 3d at 349}calls was never raised by the defense at oral argument and therefore this ground is unpreserved for review and outside the scope of a CPL 330.30 (1) motion. This court, however, disagrees with the People's position and holds that the issue advanced by defense in his moving papers is sufficiently on-the-record to be properly reviewable by this court in the context of a CPL 330.30 motion.
On March 8, 2004, the United States Supreme Court in Crawford v Washington [*3]overturned the well-settled rule of Ohio v Roberts (448 US 56 [1980]), which held that the admission of an unavailable witness's statements against a criminal defendant at trial did not violate the Confrontation Clause, provided that the statement bore adequate indicia of reliability, such as, falling within a firmly rooted hearsay exception or bearing a particularized guarantee of trustworthiness. Rejecting the Roberts rule, the Supreme Court held that the Sixth Amendment's Confrontation Clause bars the use of a "testimonial" statement made by a witness who does not appear at a criminal trial, unless the witness is unavailable to testify at trial and was subject to cross-examination at the time the statement was made (Crawford v Washington, 541 US 36 [2004]). Although the Crawford court (541 US at , 124 S Ct at 1374) "le[ft] for another day any effort to spell out a comprehensive definition of 'testimonial,' " the Court stated that the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." The Court further found that "[w]here [a] nontestimonial [statement] is at issue, . . . such statement . . . [would be] exempted from [the] Confrontation Clause . . . altogether" (supra, 541 US at , 124 S Ct at 1374).
As a preliminary matter, a decision of the United States Supreme Court is given retroactive effect in criminal cases when it is constitutional in nature and affects the determination of guilt or innocence (Brown v Louisiana, 447 US 323 [1980]; People v Morales, 37 NY2d 262 [1975]). Thus, this court's ruling permitting the People to introduce into evidence in their case-in-chief the two 911 calls as "excited utterances" (see, White v Illinois, 502 US 346 [1992]; People v Simpson, 238 AD2d 611 [2d Dept 1997], lv denied 90 NY2d 910 [1997]) is of constitutional dimension and therefore subject to Crawford analysis although this court's ruling predated the Crawford decision.{**4 Misc 3d at 350}
The two 911 calls introduced into evidence at this trial were generated by Andrea Conyers, the mother of the defendant, and the mother-in-law of the victim, as she reacted to the life threatening crisis unfolding before her eyes. Indeed, audible on these 911 tapes are the voices of the victim and the defendant while the assault is still in progress. In any event, it is clear to this court, having heard the panicked and terrified screams of Ms. Conyers, that her intention in placing the 911 calls was to stop the assault in progress and not to consider the legal ramifications of herself as a witness in a future proceeding (see, People v Moscat, 3 Misc 3d 739 [2004]). Clearly, the 911 calls in this case fall within the perimeters of the "excited utterance" exception to the hearsay rule inasmuch as there was no opportunity for Ms. Conyers to reflect and falsify her account.
For this reason, inasmuch as this court finds that the 911 calls introduced into evidence at trial were not testimonial in nature as that term is used in Crawford v Washington, the defendant's constitutional right to confrontation was not violated at this trial. Therefore, defense counsel's motion to set aside the verdict pursuant to CPL 330.30 (1) is denied in its entirety.

Footnotes

Footnote 1: As testified to by the complainant Juan Harrow on the People's case-in-chief.

Footnote 2: See, trial transcript, dated Mar. 3, 2004, at 9-10.

Footnote 3: See, trial transcript, dated Mar. 3, 2004, at 11-12.

Footnote 4: See, trial transcript, dated Mar. 10, 2004, at 2.